LENORE GREENBERG, Respondent-Appellant, *v.* MORTON GREENBERG, Appellant-Respondent.

First Department, February 14, 1974.

*Benjamin Kalman* for appellant-respondent.

*Mark H. Berger, P. C.* (*Myron Kove* with him on the brief), for respondent-appellant.

STEUER, J. In May, 1966 the plaintiff herein obtained a judgment of separation which contained provisions for support. In the following month the parties were divorced pursuant to a Mexican decree entered upon the appearance of both parties. The Mexican decree does not mention the judgment in the separation action, nor does it make any provision for alimony or support of the parties' children. Nevertheless, defendant continued for some six years to provide support in accordance with the terms of the separation decree. In June, 1971 plaintiff moved to amend the decree of separation to obtain increased support. No mention was made in the moving or opposing papers of the divorce. The matter was referred to a Special Referee. While the matter was pending before the Referee plaintiff moved for a temporary increase in support. In opposing this application defendant, for the first time, revealed the existence of the divorce, but did not move to dismiss the proceeding. This last motion was denied.

Thereafter, in June, 1972, the Special Referee filed his report, recommending an increase in the amount of support. A motion was made to confirm the award and the defendant urged the court to vacate the prior order. The court confirmed the report.

Thereafter the plaintiff moved further to increase the award. Defendant cross-moved to dismiss the proceedings. The motion was granted to a limited extent and the cross motion was denied. It is axiomatic that the divorce decree superseded the separation decree and the latter was no longer viable (*Math* v. *Math*, 39 A D 2d 583, affd. 31 N Y 2d 693; *Lynn* v. *Lynn*, 302 N. Y. 193). However, a defendant may be estopped to assert the existence of a decree, and, a fortiori, rely on it. Here there has been no proof of any facts which would justify an estoppel. Quite clearly defendant's voluntary payments do not constitute such proof (*Lynn* v. *Lynn*, *supra*, p. 205).

While at first blush it might appear that modification of an unenforceable decree is an unseemly vehicle for relief, this is not the case. If the fact which renders the separation decree defunct is not asserted (as was originally the situation here), or is prevented by law from being asserted, the matter may proceed as if it were not the fact at all (cf. *Psaroudis* v. *Psaroudis*, 27 N Y 2d 527).

As indicated, partly through the deficiency of the defendant himself, the issue of whether the defendant should be estopped from asserting the Mexican decree has never been litigated. Until it has, plaintiff's right to relief is not established. The order appealed from should therefore be reversed and the matter remanded for further proceedings in accord with this opinion.

The order entered September 26, 1973, New York County (FRANK, J.) should be reversed on the law and the application remanded to Special Term for further proceedings in accord with this opinion.

McGIVERN, P. J. (concurring in part and dissenting in part). I concur in so much of the majority opinion as recognizes that it is axiomatic that the bilateral in personam divorce decree superseded the judgment of separation which is now a nullity (*Math* v. *Math*, 39 A D 2d 583, affd. 31 N Y 2d 693; *Lynn* v. *Lynn*, 302 N. Y. 193, cert. den. 342 U. S. 849). It will remain a nullity unless and until the divorce decree is judicially set aside. (See *Rosenstiel* v. *Rosenstiel*, 16 N Y 2d 64.) In consequence, the separation decree cannot constitute the vehicle through which plaintiff's application may be entertained.

I differ with so much of the majority opinion as remands this case to Special Term for further inquiry as to whether there is any basis for the application of a rule of equitable estoppel which would allow ignoring the *res judicata* effect of the outstanding decree of divorce. Nothing, in my view, in the record on this appeal justifies such a disposition. Particularly in view of the factual concession in the majority opinion that " Here there has been no proof of any facts which would justify an estoppel " and legal concession that " Quite clearly defendant's voluntary payments do not constitute such proof (*Lynn* v. *Lynn, supra,* p. 205) ".

Clear and compelling support for rejection of the need for further inquiry is found in the fact that at all times, before and after the separation decree and divorce and in all the proceedings pertinent to this appeal plaintiff was represented by the same attorney whose obviously reluctantly submitted affidavit in support of plaintiff's application negates any valid finding of fraud, duress or equitable estoppel. We do not have a situation where defendant appears in any way to have deceived plaintiff or induced her to act to her prejudice. The plaintiff, in order to assert a proper claim of estoppel, must show in what manner and to what extent she relied upon defendant's inconsistent conduct and was prejudiced thereby. (*Glenesk* v. *Guidance Realty Corp.,* 36 A D 2d 852.) She has failed to do so. The record is totally bereft of factual data suggesting the need for further inquiry.

The order should be reversed on the law and defendant's cross motion to dismiss plaintiff's application granted on the ground that Special Term lacked jurisdiction to entertain this proceeding.

KUPFERMAN, TILZER and CAPOZZOLI, JJ., concur with STEUER, J.; McGIVERN, P. J., concurs in part and dissents in part in an opinion.

Order, Supreme Court, New York County, entered on September 26, 1973, reversed, on the law, and the application remanded to Special Term for further proceedings in accord with the opinion of this court filed herein.